UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATIONAL UNION FIRE
INSURANCE CO. OF
PITTSBURGH, PA. and
ILLINOIS NATIONAL                              Case No. 1:05-CV-15
INSURANCE CO.,

      Plaintiffs,                              Hon. Richard Alan Enslen

v.

ALTICOR, INC., AMWAY
CORP. and QUIXTAR, INC.,

      Defendants.                              **ORDER**

_____/

      This matter is before the Court on Defendants' Motion for Relief from Judgment pursuant to Rule 60(b). FED. R. CIV. P. 60(b). On September 12, 2005, the Court granted summary judgment in favor of Plaintiffs. The Court found Plaintiffs were not obligated to Defendants under certain insurance polices to provide defense in a suit pending before the United States District Court for the Western District of Missouri, *Nitro Distribution, Inc. v. Alticor, Inc.*, 03-3290-CV-S-RED ("*Nitro* action"). Defendants have appealed the Judgment to the Sixth Circuit Court of Appeals and have also filed a motion to remand in light of this Motion for Relief.

      Defendants have timely filed under Rule 60(b) seeking relief on the basis of new evidence. FED. R. CIV. P. 60(b)(2). Pursuant to Rule 60(b)(2), a court may relieve a party from a final judgment upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b)." FED. R. CIV. P. 60(b)(2). The Sixth Circuit has recognized the "well-conceived rule that newly discovered evidence under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed *at the time* of trial. That rationale applies equally to

cases...where final judgement has been entered." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (emphasis added).[1] "Relief under Rule 60(b), moreover, is circumscribed by public policy favoring finality of judgments and termination of litigation." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (*quoting Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Defendants claim that the Amended Complaint filed in the *Nitro* action, which now alleges one count of "Injurious Falsehood" constitutes newly discovered evidence that justifies relief from the Court's judgment. The Court previously found that the Original Complaint in the *Nitro* action did not contain "factual allegations from which one could conclude that the *Nitro* suit contemplated a claim for slander, libel or product disparagement" and therefore did not entitle Defendants to coverage under the polices. (Op. at 6). Defendants now reason the new count of "Injurious Falsehood" should change the Court's factual determination and warrant coverage under the polices. However, Defendants have failed to show that they are entitled to relief in accordance with Rule 60(b)(2). The new evidence Defendants rely upon did not exist at the time of the previous Judgment. Therefore, the newly Amended Complaint in the *Nitro* action, filed three years after the original Complaint, cannot constitute the basis for relief under Rule 60(b)(2) as it is not newly discovered evidence. Defendants are not seeking to have the Court revisit the issue of whether

---

[1] Defendants also appear to rely on subparagraph (6) where a court may grant relief from judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, Defendants do not offer any support to this claim and, therefore, fail to show "exceptional circumstances" warranting relief under Rule 60(b)(6). *See Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001); *Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).

allegations asserted in the original Complaint gave rise to a duty to defend; rather, Defendants seek to have this Court render a judgment on a different issue under the guise of a request for relief from judgment.

**THEREFORE, IT IS HEREBY ORDERED** Defendants' Motion for Relief From Judgment (Dkt. No. 37) is **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
October 30, 2006   Richard Alan Enslen
   Senior United States District Judge